# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

          Plaintiff,

    v.

PAM ANDERSON, et al.,

          Defendants.

_____/

CASE NO. 1:07-cv-01596-OWW-GSA PC

ORDER DENYING MOTIONS FOR
RECONSIDERATION, AND GRANTING
THIRTY-DAY EXTENSION OF TIME TO
COMPLY WITH COURT'S ORDER

(Docs. 11 and 12)

Plaintiff Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to order filed July 1, 2008, Plaintiff's complaint was dismissed for failure to state a claim and Plaintiff was ordered to file an amended complaint within thirty days. Plaintiff filed an objection to the order on August 7, 2008, and a second objection on August 19, 2008. Based on their contents, the Court construes them to be motions for reconsideration of the Magistrate Judge's screening order.

Local Rule 72-303 provides for reconsideration of a Magistrate Judge's order by a District Judge. Plaintiff is entitled to have the order modified or set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72; Local Rule 72-303.

First, Plaintiff contends that by the time he received the order, he had only two days within which to comply. Plaintiff did not file a notice of change of address in this case as is required by Local Rule 83-182(f) but his address was updated by the Clerk's Office when he filed a new case. As a result of the address change, the order was re-served on July 23, 2008. Re-service of the order had the effect of extending the compliance period to thirty days from July 23, 2008. Accordingly,

Plaintiff's assertion that he was provided with only days within which to comply is without merit. In light of the fact that the deadline is approaching, however, the Court will grant Plaintiff an additional extension of time.

Plaintiff next argues that he is entitled to have his complaint re-screened. Plaintiff's disagreement with the Court's decision is not grounds for relief from the order, and Plaintiff has set forth no meritorious legal arguments supporting his position that he is entitled to relief from the order. Fed. R. Civ. P. 72; Local Rule 72-303. The Magistrate Judge clearly identified the deficiencies in Plaintiff's complaint and has provided Plaintiff with the opportunity to amend. The Magistrate Judge did not find that Plaintiff did not have a serious medical need or that Plaintiff will be unable to state a valid claim. The issue is purely one of sufficiency of the pleading. Fed. R. Civ. P. 8(a). The Magistrate Judge found that Plaintiff had not alleged sufficient facts linking the actions or omissions of the named defendants to a violation of his rights under the Eighth Amendment and the Equal Protection Clause. Plaintiff's remedy is file an amended complaint curing the deficiencies identified by the Magistrate Judge. Plaintiff has demonstrated no entitlement to modification of the order.

The Court finds that the Magistrate Judge's screening order was not clearly erroneous or contrary to law, and HEREBY ORDERS that:

1.     Plaintiff's motions for reconsideration and relief from the Court's screening order, filed August 7, 2008, and August 19, 2008, are denied, with prejudice;

2.     Plaintiff has **thirty (30) days** from the date of service of this order within which to file an amended complaint in compliance with the Court's order of July 1, 2008; and

3.     The failure to file an amended complaint will result in the imposition of sanctions deemed appropriate, up to and including dismissal of this action.

IT IS SO ORDERED.

**Dated:     August 20, 2008**          **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE