**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT BENYAMINI, </br></br> Plaintiff, </br></br> v. </br></br> PAM ANDERSON, et al., </br></br> Defendants. | 1:07-cv-01596-OWW-GSA-PC </br></br> ORDER DENYING MOTION TO REOPEN TIME TO FILE APPEAL </br></br> (Doc. 27.) |

**I.     BACKGROUND**

Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint on November 2, 2007. (Doc. 1.) On May 13, 2009, this action was dismissed, with prejudice, based on Plaintiff's failure to state a claim, and judgment was entered. (Docs. 24, 25.) On August 1, 2011, Plaintiff filed a motion to reopen the time to file a notice of appeal to the Ninth Circuit, pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. (Doc. 27.)

///

///

1

1  **II.    MOTION TO REOPEN THE TIME TO FILE AN APPEAL**

2       Under Rule 4(a) of the Federal Rules of Appellate Procedure, a "notice of appeal . . . must be
3  filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed.
4  R. App. P. 4(a)(1)(A). However, "[t]he district court may reopen the time to file an appeal for a period
5  of 14 days after the date when its order to reopen is entered, but only if all the following conditions are
6  satisfied:

7
8       **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
9
10      **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier;
11      and

12      **(C)** the court finds that no party would be prejudiced."

13  Fed. R. App. P. 4(a)(6).

14      Plaintiff argues that the Court should reopen the time for filing an appeal in this action because
15  it has not been 180 days since the final judgment was handed down, and no party would be prejudiced
16  by reopening the time. Plaintiff argues that no party would be prejudiced because when the case was
17  dismissed, it was still in the beginning phases and none of the defendants had been served with process.
18      Plaintiff's argument fails, because all of the three conditions under Rule 4(a)(6) are not satisfied.
19  Plaintiff contends that the second condition is satisfied because it has not been 180 days since the final
20  judgment was handed down. The judgment in this action was entered and served on May 13, 2009.
21  (Doc. 25.) Plaintiff did not file the motion to reopen the time for appeal until 810 days later, on August
22  1, 2011. (Doc. 27.) Therefore, Plaintiff's motion was not filed within 180 days after the judgment was
23  entered, and the second condition required under Rule 4(a)(6) is not satisfied. Fed. R. App. P.
24  4(a)(6)(B). All of the three conditions under Rule 4(a)(6), as listed above, must be satisfied, or the
25  district court may not reopen the time to file an appeal. <u>Id.</u> Accordingly, Plaintiff's motion must be
26  denied.
27  ///
28
                                    2

**III.   CONCLUSION**

     Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to reopen the time for appeal, pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure, is DENIED.

     IT IS SO ORDERED.

**Dated:**   September 6, 2011          /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE