# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

    Plaintiff,

    vs.

PAM ANDERSON, et al.,

    Defendants.

1:07-cv-01596-OWW-GSA-PC

ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE, WITH PREJUDICE
(Doc. 26.)

## I. BACKGROUND

Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint on November 2, 2007. (Doc. 1.) On July 1, 2008, the Court dismissed the Complaint for failure to state a claim and granted Plaintiff leave to file an amended complaint. (Doc. 8.) This action was dismissed, with prejudice, on May 13, 2009, for Plaintiff's failure to comply with the Court's order to file an amended complaint, and for Plaintiff's failure to state a claim.

On July 27, 2011, Plaintiff filed a motion to reopen the case. (Doc. 26.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d

1

1  737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must
2  demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks
3  and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff
4  to show "what new or different facts or circumstances are claimed to exist which did not exist or
5  were not shown upon such prior motion, or what other grounds exist for the motion."

6       "A motion for reconsideration should not be granted, absent highly unusual circumstances,
7  unless the district court is presented with newly discovered evidence, committed clear error, or if
8  there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma
9  GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,
10 and "[a] party seeking reconsideration must show more than a disagreement with the Court's
11 decision, and recapitulation . . . " of that which was already considered by the Court in rendering its
12 decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

13      Plaintiff first argues that the case should be reopened because he was unable to file an
14 amended complaint, as ordered by the Court, due to lack of access to his property at the prison.
15 Plaintiff was granted sufficient time and opportunity to file the amended complaint.  On July 1, 2008,
16 the Court issued an order dismissing Plaintiff's Complaint for failure to state a claim, and ordered
17 him to file an amended complaint.  (Doc. 8.)  For more than eight months, Plaintiff sought and was
18 granted numerous extensions of time to file the amended complaint.  On March 26, 2009, the Court
19 issued an order granting Plaintiff a final thirty-day extension of time to file the amended complaint.
20 (Doc. 23.)  More than fifty days passed, and Plaintiff failed to comply with the Court's order or
21 otherwise respond to the order.  Therefore, on May 13, 2009, the case was dismissed.

22      Plaintiff also disagrees with the Court's ruling that his Complaint failed to state a claim and
23 argues that he should not have been required to amend the Complaint.  However, Plaintiff does not
24 offer any evidence that the Court's ruling was based on erroneous facts or law.  The Court's
25 Screening Order of July 1, 2008, found that Plaintiff's Complaint, filed on November 2, 2007, failed
26 to state any claims upon which relief could be granted.  (Doc. 8.)  Plaintiff's Complaint was based
27 on his claims for inadequate medical care and violation of his rights to equal protection.  Plaintiff
28 claimed that while he was housed in the Stanislaus County Jails, his medical needs were disregarded

on a number of occasions; however, the Court found that Plaintiff failed to allege facts showing that defendants acted with deliberate indifference, and Plaintiff's disagreement with the assessment and treatment of his injuries was insufficient to support a claim under section 1983. (Id. at 7-8 ¶2A.) With respect to Plaintiff's equal protection claim, Plaintiff suggested in the Complaint that he may have been treated differently because of his Middle Eastern Background. The Court's Screening Order informed Plaintiff that to state an equal protection claim under 42 U.S.C. § 1983, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. (Id. at 3 ¶2B.) The Court found that Plaintiff did not allege any facts in the Complaint supporting a claim that he was intentionally discriminated against. Id. Based on this analysis, the Court found that Plaintiff's Complaint failed to state a claim.

Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement is not sufficient grounds for relief from the order. Westlands Water Dist., 134 F.Supp.2d at 1131.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen the case, filed on July 27, 2011, is DENIED; and
2. The Court shall not consider any further motions to reopen the case, or motions for reconsideration, in this action.

IT IS SO ORDERED.

**Dated:   September 6, 2011**              /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE